IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHY GAFFER and
STEVEN GAFFER,

                            Plaintiffs,

      v.

WAL-MART STORES, INC.,

                            Defendant.

ORDER

10-cv-274-slc

---

Before the court is the motion of plaintiffs Kathy and Steven Gaffer to remand this case to state court (dkt. 3). Because I find that defendant had a good faith basis at the time of removal for believing the amount at stake in this case to exceed $75,000, the motion will be denied.

BACKGROUND

Plaintiffs Kathy Gaffer and Steven Gaffer filed this personal injury lawsuit in the Circuit Court for St. Croix County on March 31, 2010, seeking money damages for injuries Kathy Gaffer claims to have suffered when she caught her toe on a pallet on the floor of a Wal-Mart Store in New Richmond, Wisconsin. According to the complaint, Gaffer suffered a toe fracture "and resultant bone fragment." Complaint, dkt. 1, exh. 3, ¶4. Consistent with Wis. Stat. § 802.02(1m)(a), plaintiffs did not specify in their complaint the amount of damages they were seeking.

After service of the complaint, plaintiffs submitted a settlement demand letter to defendant dated May 5, 2010. Included with this letter was a demand package that plaintiffs had previously sent to Wal-Mart's third-party claims administrator on January 28, 2010. The settlement demand package included allegations that plaintiff sustained a fractured toe, requiring

surgery; a report from a vocational consultant estimating plaintiff's lost future wages to be $509,200; and a settlement demand in the amount of $325,000.

On May 20, 2010, defendant removed this case to federal court pursuant to 28 U.S.C. § 1441, asserting diversity of the parties under 28 U.S.C. § 1332(a). As a basis for its claim that the amount in controversy exceeds the $75,000 jurisdictional requirement, defendant referred to plaintiffs' $325,000 settlement demand.

In their motion to remand, plaintiffs assert that defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000. Plaintiffs assert that their demand letter, which was initially submitted to defendant before the filing of the complaint, is inadmissible. In the alternative, they contend that if the settlement demand is admissible, then the court must also consider defendant's counter offer of $9,500.

OPINION

As the party seeking removal, defendant bears the burden of establishing that this case should remain in federal court. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000). A defendant invoking federal diversity jurisdiction must demonstrate by a preponderance of the evidence facts showing that the plaintiff stands to recover more than $75,000 in the suit. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). After the court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 442; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed

by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. *Meridian*, 441 F.3d at 538; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Thus, in this case, Wal-Mart must establish by a preponderance of the evidence facts showing that more than $75,000 was at issue at the time it filed its notice of removal on May 20, 2010.

When the plaintiff provides little information in her complaint about the value of her claims, "a good-faith estimate [by the removing defendant] of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). As the court explained in *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006):

> A removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold.

*Id*. at 816 (citations omitted) (emphasis in original).

In *Rising-Moore*, 435 F. 3d at 816, the court found that the estimate by plaintiff's counsel that the claim was worth between $180,000 and $200,000 and his settlement demand of $160,000 were admissible to establish the amount in controversy. As the court explained, a lawyer's estimate of the value that a jury would attach to the plaintiff's claim "is close in spirit to the *ad damnum* in a complaint; it makes sense to give it the same legal status." *Id*. *See also Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 428 (7th Cir. 1997) ("In a case for money

damages, where the amount defendant stands to lose is equal to the amount plaintiff stands to gain from judgment, the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (settlement letter is relevant evidence of amount in controversy if it appears to reflect a reasonable estimate of plaintiff's claim).

Although plaintiffs in this case argue otherwise, there is no basis for distinguishing their settlement demand from the pre-offer estimate found admissible in *Rising-Moore*. The fact that plaintiffs initially submitted their demand before they filed suit is irrelevant. Further, plaintiffs do not contend that it would be impossible for a jury to return a verdict of more than $75,000, they have not disavowed their demand letter and they have not asserted that they did not have a good faith basis for the estimate put forth in their demand letter. Therefore, plaintiffs' settlement demand letter is admissible to show their assessment of the value of their case.

All that remains, then, is whether defendant's counteroffer of $9,500 also is relevant to the jurisdictional inquiry. The court of appeals avoided this question in *Chase*, 110 F.3d at 429, finding that even if the counteroffer was relevant, it was not persuasive because it was made only to cover the costs of plaintiff's actual medical expenses and did not account for the numerous other types of damages sought by plaintiff. *Id*.

Defendant asserts that, as in *Chase*, its offer of $9,500 was only for payment of Kathy Gaffer's medical expenses and was not meant to settle plaintiffs' entire case. However, defendant has not submitted an affidavit to support this assertion. Plaintiffs, on the other hand, have submitted an affidavit from their lawyer stating that defendant indicated that $9,500 was

4

all it was prepared to pay, period. Absent an affidavit from defendant, I have no basis to find that the offer of $9,500 was only for plaintiff's medical expenses.

Nonetheless, I am not persuaded that a defendant's settlement offer is relevant to establishing the amount in controversy. Answering that question depends upon the *plaintiff*'s valuation of her case, not defendant's. Further, plaintiffs have not asserted that defendant's valuation of their case is a more accurate assessment of their likely recovery, and, as just noted, they have not disavowed their settlement demand. Although plaintiffs' settlement demand likely is puffed, plaintiffs attached a vocational report valuing Kathy Gaffers's lost future income at more than $500,000. Plaintiffs have not foresworn a request for damages at trial covering lost future income.

In sum, because it is plain that plaintiffs hope to get more than $75,000 out of this lawsuit and defendant had a good-faith basis for believing that to be the case when it removed the case, removal was proper, notwithstanding defendant's low-ball, pre-complaint offer.

ORDER

IT IS ORDERED THAT the motion of plaintiffs to remand this case to state court is DENIED.

Entered this 27th day of July, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge